# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
|---|---|---|---|
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **Order DENYING Plaintiff's motion to remand for lack of subject matter jurisdiction**

Before the Court is a motion to remand for lack of subject matter jurisdiction filed by Plaintiff Alvin Alvarez ("Plaintiff"). *See* Dkt. # 11 ("*Mot.*"). Defendant Office Depot, Inc. ("Defendant") opposes the motion, *see* Dkt. # 12 ("*Opp.*"), and Plaintiff timely replied, *see* Dkt. # 13 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** Plaintiff's motion.

## I.    Background

On August 28, 2017, Plaintiff, individually and on behalf of other members of the general public similarly situated, filed a putative wage and hour class action complaint in Los Angeles County Superior Court. *Mot.* 2:8–9; *see also Complaint*, Dkt. # 1-1 ("*Compl.*"). In his complaint, Plaintiff asserts the following causes of action against Defendant: (1) failure to pay overtime wages, *Compl.* ¶¶ 40–53; (2) failure to pay minimum wages, *id.* ¶¶ 54–59; (3) meal period violations, *id.* ¶¶ 60–69; (4) rest break violations, *id.* ¶¶ 70–79; (5) non-compliant wage statements and failure to maintain accurate payroll records, *id.* ¶¶ 80–89; (6) failure to pay wages upon termination, *id.* ¶¶ 90–94; (7) unpaid business-related expenses, *id.* ¶¶ 95–100; (8) unlawful business practices, *id.* ¶¶ 101–17; and (9) unfair business practices, *id.* ¶¶ 118–23. Plaintiff seeks damages, unpaid wages, penalties, injunctive relief, and attorneys' fees. *Id.* 29:21–22.

On September 29, 2017, Defendant filed its notice of removal to this Court. *See* Dkt. # 1 ("*NOR*"). The removal was premised on jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *Id.* ¶ 9; *see also* 28 U.S.C. § 1332(d). To satisfy CAFA's jurisdictional requirements, Defendant asserted that the proposed class contains at least 100 members, *NOR* ¶ 10; that, because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
|---|---|---|---|
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |

Florida, minimal diversity exists, *id.* ¶¶ 11–16; and that the amount in controversy exceeds $5 million, *id.* ¶¶ 17–34. As to the amount in controversy, Defendant noted that Plaintiff "does not expressly plead a specific amount of damages for the putative class," *id.* ¶ 17, but reasoned that, based on a putative class of 482 employees at the facility where Plaintiff worked, approximately 62,000 workweeks cumulatively worked by those employees, an average hourly rate of $15 per hour, and three rest period and three meal period violations per week—"a reasonable inference based on the Complaint's allegations"—Plaintiff's third and fourth causes of action "put[] approximately $5,580,000 into controversy." *Id.* ¶ 26. Defendant further calculated that Plaintiff's cause of action for wage statement violations puts an additional $880,000 into controversy, *id.* ¶¶ 28–31, and that attorneys' fees would add an additional $2,312,550. *Id.* ¶¶ 32–34. Defendant concluded that "Plaintiff's alleged amount in controversy [is] well in excess of $5 million." *Id.* ¶ 34.

Plaintiff now moves to remand, arguing that Defendant has "fail[ed] to establish that this Court may properly exercise removal jurisdiction over this action" under CAFA. *Mot.* 1:3–5. Specifically, Plaintiff asserts Defendant's amount in controversy calculations are "based solely on assumptions and speculation," and that this "poor evidentiary showing . . . cannot meet the preponderance of the evidence standard that Defendant must meet to establish whether removal is proper." *Id.* 1:5–6, 1:12–15.

II.    Legal Standard

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. 547 at 553. Additionally, the Supreme Court clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
|---|---|---|---|
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |

required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. Ultimately, the defendant bears the burden of proving that the amount in controversy is met. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

III.   Discussion

A.   Defendant's Evidence

The figures Defendant utilized in its notice of removal were provided by the declaration of Roberta Diebold. *See* Dkt. # 1-4 ("*Diebold Decl.*"). In it, Diebold declared that she is "the Lead Human Resources Business Partner ('HR Business Partner') for Defendant . . . Supply Chain Division's West Region." *Id.* ¶ 1. Accordingly, she claims to have "personal knowledge of [Defendant's] business operations and corporate structure" and "access to employment records and files." *Id.* ¶ 2. She provided the estimates that Defendant used in its calculations: that Defendant employed over 482 current and former non-exempt employees at its Signal Hill, California warehouse between November 2013 and September 2017; that these 482 employees worked a total of over approximately 62,000 workweeks; and that the average hourly rate for these employees exceeds $15 per hour. *See id.* ¶ 5.

Plaintiff contends that Diebold's declaration "lacks foundation and should be rejected by this Court" because "there is no description of what records or systems Ms. Diebold truly accessed and reviewed, nor any indication of how she arrived at those numbers." *Mot.* 4:13–14, 4:27–5:1. The Court disagrees. In the past, it has routinely accepted similar declarations from human resources professionals as credible evidence to establish CAFA removal. *See Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2–4 (C.D. Cal. Oct. 26, 2017) (finding that declarations from defendant's "Vice President and Corporate Counsel" and "Director of Payroll Projects" that contain "general statistics gleaned from [d]efendant's records, including the number of hourly, non-exempt employees involved in this putative class action, their total number of workweeks, and their average hourly rates" were sufficient for establishing CAFA amount in controversy); *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *3 (C.D. Cal. June 29, 2017) (finding that defendant's "Director of Compensation and HR Systems," who "provide[d] statistics gleaned from [d]efendant's records, such as the number of putative class members, the putative class members' weighted average hourly wage, and the number of putative class members terminated during the relevant time period," was "competent to serve as a declarant in this matter"); *Dawson v. Hitco Carbon Composites, Inc.*, No. CV 16-7337 PSG (FFMx), 2016 WL 7235629, at *2 (C.D. Cal. Dec. 14, 2016) (denying remand where declarant "provide[d] general statistics

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
|---|---|---|---|
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |

gleamed from [d]efendant's records, such as the number of putative class members, the putative class members' weighted average hourly wage, and the number of putative class members terminated during the relevant time period"); *Sanchez v. Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 4919972, at *3 (C.D. Cal. Aug. 17, 2015) (similar). The Court readopts the reasoning it provided in an earlier case: "A declaration from a person with knowledge of the relevant data is clearly an appropriate form of evidence." *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060 PSG (FFMx), 2015 WL 6758130, at *4 (C.D. Cal. Nov. 5, 2015) (citing *Ibarra*, 775 F.3d at 1197). Furthermore, Diebold has submitted a supplemental declaration that provides additional information as to where she obtained her figures and how her estimates and averages were calculated. *See* Dkt. # 12-1 ("*Riebold Supp. Decl.*").

The Court acknowledges that other courts in this District have been more skeptical of the sort of evidence Defendant provides here. *See, e.g.*, *Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-02634-ODW (PLAx), 2016 WL 2743481, at *4 (C.D. Cal. May 11, 2016) (determining that a declaration from defendant's "Senior Director of Human Resources" that provided statistics based on a review of records "lacks foundation and cannot provide sufficient support"); *Ornelas v. Children's Place Retail Stores, Inc.*, No. LA CV13-02226 JAK (MRWx), 2013 WL 2468388, at *4 (C.D. Cal. June 5, 2013) ("A declaration stating the number of employees who worked for Defendant during the years prior to this action, together with assumptions about these employees, is not sufficient to establish that it is more likely than not that the amount in controversy in this case exceeds $5 Million."). However, the Court is also mindful of the Ninth Circuit's admonition that Congress "intended CAFA to be interpreted expansively." *Ibarra*, 775 F.3d at 1197. The Court therefore concludes that the evidence Defendant provides through Diebold's declaration is acceptable for purposes of determining the CAFA amount in controversy.

B.    Defendant's Assumed Violation Rate

Plaintiff next challenges the violation rate Defendant utilized in calculating the value of claims relating to missed meal and rest periods, deeming them "impermissibly speculative." *Mot.* 6:9.

As Plaintiff himself notes, "[t]he operative pleading in this case is indeterminate with respect to key information," including the violation rates for these causes of action. *Id.* 6:12–13. Consequently, in its notice of removal, Defendant "[a]ssum[ed] that putative class members are entitled to three rest period premiums and three meal period premiums per workweek," *NOR* ¶ 26—in other words, a 60 percent violation rate for every employee at Plaintiff's facility. The Court finds this percentage reasonable, and indeed agrees with Defendant that it "could utilize an alleged 100% violation rate in calculating the amount in controversy" because Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |

complaint alleges a uniform practice of meal and rest period violations. *Opp.* 9:15–16. Plaintiff claims that "because Defendant[] required Plaintiff and class members to carry radios and/or pagers at all times and respond at all times, Plaintiff and class members were effectively 'on-duty' at all times, including during rest periods." *Compl.* ¶ 76; *see also id.* ¶ 64 ("Defendant['s] company-wide failure to provide adequate meal break coverage and requirement that employees carry radios and/or pagers at all times prevented Plaintiff and class members from being relieved of all duties and taking compliant meal periods."). Based on these allegations, a 100 percent violation rate is "not an unreasonable assumption" since Defendant purportedly "adopted and maintained uniform polices, practices and procedures" that caused violations. *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015). Given Plaintiff's allegation that he and his fellow class members *never* received compliant meal or rest periods because they were "on-call" at all times, a 100 percent violation rate can be reasonably assumed. *See Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015) (accepting a 100 percent violation rate where plaintiff alleges that defendant "engaged in a uniform policy and systematic scheme of wage abuse") (internal quotation marks omitted); *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-(CJGx), 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015) (accepting a 100 percent violation rate where defendant "properly used a chain of reasoning based on the Complaint" and "could have logically assumed a 100 percent violation rate because [p]laintiff does not qualify her allegations"); *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of a 100% violation rate is proper in this case because Plaintiff's complaint alleges universal deprivation of meal and rest periods.").

Plaintiff also notes that Defendant's figure of 62,000 workweeks "is faulty because it lacks information about shift lengths, which is necessary to determine whether a meal or rest break was owed." *Mot.* 7:14–16. This objection has merit. California law only requires a meal break for employees who work a period of five hours or more. *See* Cal. Lab. Code § 512(a); *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1041 (2012). It also requires a 10-minute rest period for every four hours of work. *See Brinker Rest.*, 53 Cal. 4th at 1028–29. For this reason, courts have refused to credit calculations that assume violations without considering whether the shifts in question necessarily permitted meal and rest breaks. *See, e.g., Smith v. Diamond Resorts Mgmt., Inc.*, No. EDCV 15-2477-VAP (SPx), 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016) ("Even assuming each class member was denied a rest period and a meal period for every shift lasting the requisite length, it is still unclear how many of the total shifts in question were of sufficient length to mandate the provision of meal and rest periods.") (internal quotation marks omitted).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
|---|---|---|---|
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |

In opposition, Defendant clarifies that "there were 339 current and former full-time putative class member non-exempt employees at Signal Hill during the relevant time period, and that these 339 full-time putative class members worked approximately over 49,500 workweeks where they were scheduled for five or more shifts per week that were eligible for meal and rest breaks." *Opp.* 13:16–20; *see also Diebold Supp. Decl.* ¶¶ 3–4. This clarification satisfies the Court's concern regarding which employees were entitled to meal and rest periods.

Under California law, "[i]f an employer fails to provide an employee a meal or rest or recovery period . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Lab. Code § 226.7. If both a meal period *and* a rest period are denied to an employee, she can recover "two premium payments per workday—one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods." *United Parcel Serv., Inc. v. Superior Ct.*, 196 Cal. App. 4th 57, 69 (2011). Accordingly, in this case, each employee would be entitled to two additional hours of pay each day, using the 100 percent violation rate discussed above for both rest and meal periods. Defendant offers a weighted average hourly rate for putative class members of $15 per hour. Therefore, multiplying 49,500 workweeks by five weekly violations, and then multiplying that figure by $30 (two premium payments per workday), the Court agrees with Defendant's estimation that the total amount in controversy for Plaintiff's meal and rest break claims is $7,425,000—more than the $5 million CAFA requirement. *See Opp.* 13:20–26.[1]

Because the Courts concludes that Plaintiff's causes of action for meal and rest period violations alone satisfy the CAFA amount in controversy requirement, it need not consider Plaintiff's additional arguments.

IV.    <u>Conclusion</u>

Because the Court concludes that Defendant has demonstrated by a preponderance of the evidence that the $5 million CAFA amount in controversy requirement is satisfied, and thus that the Court has subject matter jurisdiction over this action, it **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

---

[1] Defendant observes that, if its original, more conservative violation rate of 60 percent is used, then the total for these claims is only $4,455,000. *See Opp.* 13:27–14:3. However, the Court also agrees with Defendant's calculations regarding Plaintiff's wage statement claim. *See id.* 14:12–16:2. This adds an additional $880,200 to the $4,455,000, resulting in a total greater than $5 million.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-7220 PSG (AFMx) | Date | November 30, 2017 |
|----------|------------------------|------|-------------------|
| Title | Alvin Alvarez v. Office Depot, Inc. et al. | | |