MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller (SBN 167223)
John D. Hayashi (SBN 211077)
Alejandro David Szwarcsztejn (SBN 272371)
Samuel S. Sadeghi (SBN 311785)
600 Anton Boulevard
Suite 1800
Costa Mesa, CA  92626-7653
Tel:   +1.714.830.0600
Fax:  +1.714.830.0700
barbara.miller@morganlewis.com
john.hayashi@morganlewis.com
david.szwarcsztejn@morganlewis.com
sam.sadeghi@morganlewis.com

Attorneys for Defendant
OFFICE DEPOT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN ALVAREZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-07220-PSG-AFM<br><br>**DEFENDANT OFFICE DEPOT, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS OF PLAINTIFF ALVIN ALVAREZ'S SECOND, SEVENTH, AND EIGHTH CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     March 11, 2019<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 6A (6th Floor)<br>Judge:   Hon. Philip S. Gutierrez |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35909064

CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 11, 2019, or as soon thereafter as this matter may be heard in Courtroom 6A (Sixth Floor) of the above-captioned Court, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendant Office Depot, Inc. ("Office Depot") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 12(c), for an order granting judgment on the pleadings as to the Second, Seventh, and Eighth causes of actions brought by Plaintiff Alvin Alvarez ("Plaintiff") in his Complaint. This Motion is brought pursuant to Federal Rule of Civil Procedure 12(c) on the ground that, even if the material allegations in the Complaint are true, which Office Depot denies, judgment on the pleadings without leave to amend is appropriate because Office Depot is entitled to judgment as a matter of law as follows:

1. Alvarez's Second Cause of Action for unpaid minimum wages in violation of California Labor Code Sections 1182.12, 1194, 1197, 1197.1, and 1198 fails as a matter of law to the extent it is based on a theory of liability for failure to compensate for time spent by a prospective employee to take a pre-employment drug test, because prospective employees are not entitled to compensation, as a matter of law;

2. Alvarez's Seventh Cause of Action for unreimbursed business expenses in violation of California Labor Code Section 2802 fails as a matter of law to the extent it is based on a theory of liability for failure to reimburse prospective employees for travel expenses incurred as a result of taking a pre-employment drug test because prospective employees are not entitled to reimbursement under Section 2802, as a matter of law;

3. Alvarez's Eighth Cause of Action for unlawful business practices in violation of California Business and Professions Code Sections 17200 *et seq.* fails as a matter of law to the extent it is based on (1) the alleged failure to pay the cost of a pre-employment drug test under California Labor Code Section 222.5 because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35909064

- 1 -    CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

there are no facts that support that Office Depot failed to pay for the cost of Plaintiff's pre-employment drug test, and (2) any theory of liability for failure to reimburse prospective employees for time spent, and travel expenses incurred, as a result of taking a pre-employment drug test because prospective employees are not entitled to reimbursement under Section 2802, as a matter of law.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities included herein; all pleadings and papers on file in this action, including Alvarez's Complaint (ECF No. 1-1); and such other argument and evidence as may be presented to the Court prior to or at the hearing on this Motion.

Dated: February 11, 2019            MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Alejandro David Szwarcsztejn*
Barbara J. Miller
John D. Hayashi
Alejandro David Szwarcsztejn
Samuel S. Sadeghi
Attorneys for Defendant
OFFICE DEPOT, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Alvin Alvarez ("Plaintiff" or "Alvarez") improperly brings claims under the California Labor Code on behalf of himself and thousands of employees based on the untenable theory of liability that a prospective employer must compensate and reimburse job applicants for time spent, and travel expenses incurred, as a result of completing a pre-employment drug test. To the extent Alvarez's Second, Seventh, and Eighth causes of action are predicated on that meritless theory, Defendant Office Depot, Inc. ("Office Depot") is entitled to judgment on the pleadings.

Specifically, Alvarez's Second Cause of Action for unpaid minimum wages in violation of California Labor Code Sections 1182.12, 1194, 1197, 1197.1, and 1198 seeks to recover compensation for the time he spent undergoing a pre-employment drug test, the completion of which was a condition of being hired by Office Depot. But Alvarez cannot recover compensation for this pre-employment activity because conditioning employment on taking and passing a pre-employment drug test is not a sufficient exercise of control by a prospective employer over a prospective employee to give rise to an employment relationship as a matter of law.

Alvarez's Seventh Cause of Action for unreimbursed business expenses in violation of California Labor Code Section 2802 ("Section 2802") similarly fails as a matter of law to the extent it seeks reimbursement for travel expenses that Alvarez incurred in connection with taking a pre-employment drug test. Alvarez cannot recover travel expenses he incurred as a *prospective* employee, who engaged in a pre-employment activity, because Section 2802 only requires reimbursement to *employees* for expenses incurred as a result of discharging duties in the course of employment.

Lastly, Alvarez's Eighth Cause of Action for unlawful business practices in violation of California Business and Professions Code Sections 17200 *et seq.* also

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 1 -  CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
DB2/ 35909064

fails as a matter of law to the extent it is based on the same theory of liability underlying Alvarez's Section 2802 claim as described above, as well as Alvarez's additional claim under California Labor Code Section 222.5 ("Section 222.5") for an alleged failure to pay the cost of a pre-employment drug test. Section 222.5 forbids a prospective employer from requiring a prospective employee to *pay the cost* of a pre-employment medical or physical examination. There are no facts that could support that Alvarez ever paid for the pre-employment drug test, thus his Section 222.5 claim fails as a matter of law.

Even if the material allegations in Alvarez's Complaint are true, which Office Depot denies, Alvarez's Second, Seventh, and Eighth causes of action fail as a matter of law to the extent that they are based on his allegations regarding pre-employment drug testing. For all these reasons, this Court should grant Office Depot's Motion for Judgment on the Pleadings.

## II.  RELEVANT PROCEDURAL BACKGROUND

On August 28, 2017, Alvarez filed a Complaint against Office Depot in the Los Angeles County Superior Court, asserting the following claims on his behalf: (1) failure to pay overtime; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to provide compliant wage statements and maintain payroll records; (6) failure to pay wages timely upon termination; (7) failure to reimburse business expenses pursuant to Section 2802; (8) unlawful business practices, in part, for failure to pay the cost of pre-employment physical examination and drug testing pursuant to Section 222.5 and failure to reimburse business expenses pursuant to Section 2802; and (9) unlawful business practices for failure to pay meal and rest period premium wages. ECF No. 1-1 ("Complaint").

## III.  JUDGMENT ON THE PLEADINGS STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(c), a party may move for judgment on the pleadings after the pleadings close and before the trial commences.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 35909064

- 2 -  CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings tests the legal sufficiency of the claims asserted in the complaint, and the same standard that applies to a motion to dismiss under Rule 12(b)(6) also applies to motions under Rule 12(c). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also U.S. ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) ("Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the standard of review applies to motions brought under either rule."); *Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2nd Cir. 2010) ("[I]n deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6).").

"Judgment on the pleadings is properly granted when taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Dismissal is proper where, as here, there is a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Here, as discussed below, Office Depot is entitled to judgment on the pleadings because Alvarez's Second, Seventh, and Eighth causes of action all fail as a matter of law to the extent that they are based on his allegations regarding pre-employment drug testing.

## IV.  LEGAL ARGUMENT

### A. Alvarez Is Not Entitled to Compensation for Time Spent Undergoing a Pre-Employment Drug Test.

A recovery for unpaid wages under the California Labor Code is only available to *employees*—not job applicants or prospective employees. *See* Cal. Lab. Code 1194 (stating that "any *employee* receiving less than the legal minimum wage . . . applicable to the *employee* is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . . ." (emphases added)).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35909064

- 3 -   CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

As such, a prospective employee is not entitled to compensation for time spent undergoing a pre-employment drug test. *Brum v. MarketSource, Inc.*, No. 2:17-cv-241-JAM-EFB, 2017 WL 4883376, at *1-4 (E.D. Cal. Oct. 27, 2017) (granting defendant's motion to strike allegations from plaintiff's complaint and holding, under California law, that "an employer who conditions an offer of employment on completion of a drug test" is not liable to pay a prospective employee "for the time to travel to and from the drug testing facility and take the test," reasoning that there was no employment relationship, even if the "prospective employer picked the time, date, and location for, and the scope of, [the prehire] drug test").

      Courts have similarly held that prospective employees are not entitled to compensation for completing other pre-employment activities. *See, e.g.*, *Gunawan v. Howroyd–Wright Employment Agency*, 997 F. Supp. 2d 1058, 1063 (C.D. Cal. 2014) (holding, under California law, that defendant staffing agency was not liable to compensate plaintiff for time spent interviewing with defendant's client as a condition of hire because plaintiff was a job applicant at the time of the interview, given that she was not under defendant's control and could have opted not to attend the interview, despite defendant scheduling the interview and editing plaintiff's resume); *Saini v. Motion Recruitment Partners, LLC*, 2017 WL 1536276, at *7-10 (C.D. Cal. Mar. 6, 2017) (holding, under California law, that defendant staffing agency was not liable to compensate plaintiff for interviewing with defendant's client as a condition of hire because plaintiff was not subject to defendant's control throughout the interview process, given that "California law excludes travel time to and from interviews from compensable work," plaintiff's interview preparations primarily benefited himself, and "general advice" or "arrang[ement of] interview logistics does not equate to control" over plaintiff's "behavior" or "time").

      The same principle is true under federal law, even for more onerous pre-employment activities such as physical exams and multi-day orientation trainings. *See, e.g.*, *Nance v. May Trucking Co.*, 685 F. App'x 602, 604-05 (9th Cir. 2017)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 4 -     CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
DB2/ 35909064

(holding that truck drivers who attended three-day orientations and underwent drug, road, and physical tests as part of a "job application process" were not entitled to compensation for those pre-employment activities because they were "not 'employees' under the FLSA or Oregon law," given that plaintiffs did not expect compensation other than travel and lodging expenses and they were not guaranteed work upon completion of the program).

Here, Alvarez alleges that Office Depot violated California Labor Code Sections 1182.12, 1194, 1197, 1197.1, and 1198 because it did not compensate him and other "prospective employees" for the time spent traveling to and from the drug testing facility and the time spent undergoing the drug test. Complaint ¶ 14, 54, 57. Alvarez's claim fails as a matter of law because he was a job applicant or *prospective* employee at the time he completed the pre-employment drug test. Alvarez essentially admits that his employment was *conditioned* upon completing a drug test because his own Complaint alleges: "Defendants require that all new hires undergo mandatory drug testing as a *condition* of employment." Complaint ¶ 14 (emphasis added); *Brum*, 2017 WL 4883376, at *2 (reasoning that plaintiffs' allegation that "[d]efendants require that all new hires undergo mandatory drug testing as a *condition* of employment" shows that plaintiffs "admit their employment was conditioned upon completing a drug test").

Nothing in Plaintiff's complaint suggests that Office Depot exercised any control at all over Plaintiff at the time he took a drug test, other than the mere fact that he take and pass a drug test to obtain a job. Merely conditioning employment on taking and passing a drug test does not create an employment relationship for Labor Code purposes and no law suggests otherwise. *See Gunawan*, 997 F. Supp. 2d at 1063 (reasoning that there was no employment relationship due to a lack of control, where plaintiff could have opted not to attend the interview for defendant's client as a condition of hire, despite defendant scheduling the interview and editing plaintiff's resume).

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 35909064

- 5 -   CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Even assuming *arguendo* that Office Depot picked the time, date, and location for, and scope of, the pre-employment drug test, these facts do not establish sufficient control to establish an employment relationship as a matter of law. *Brum*, 2017 WL 4883376, at *4 (acknowledging no "legal support for this seemingly novel proposition" and finding plaintiffs' "allegations insufficient to establish an employment relationship at the time of Plaintiffs' drug testing" based on alleged "facts that a prospective employer picked the time, date, and location for, and scope of, a drug test required in order for one to commence employment"). Thus, Alvarez's Second Cause of Action fails as a matter of law to the extent it is based on his allegations regarding pre-employment drug testing.

**B.   Alvarez Is Not Entitled to Reimbursement for Travel Expenses Incurred As a Result of Taking a Pre-Employment Drug Test.**

Similar to claims for unpaid wages under the California Labor Code, a recovery for unreimbursed business expenses under Section 2802 is only available to *employees*—not job applicants or *prospective* employees. *See* Cal. Lab. Code 2802 (requiring reimbursement for "all necessary expenditures or losses incurred by the *employee* in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer" (emphasis added)). The Labor Code itself distinguishes between the type of reimbursement *employees* can recover—"all necessary expenditures"—from the type of reimbursement *prospective* employees can recover—the actual "cost" of the medical or physical examination. *Compare* Cal. Lab. Code 2802, *with id.* § 222.5 (forbidding a prospective employer from requiring "any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment"). Thus, a prospective employee is not entitled to reimbursement for *travel expenses* incurred as a result of taking a pre-employment drug test. *Brum*, 2017 WL 4883376 at *4 (holding that prospective employees are not entitled to reimbursement for travel expenses

Morgan, Lewis & Bockius LLP
Attorneys at Law
Costa Mesa

DB2/ 35909064

- 6 -   CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

incurred from taking a pre-employment drug test as a matter of law and distinguishing reimbursement of expenditures for *employees* under Section 2802 from reimbursement of the cost of pre-employment medical or physical examinations for *prospective* employees under Section 222.5).

Alvarez's Seventh and Eighth causes of action seek recovery under the theory that he is entitled to reimbursement for travel expenses he incurred as a result of taking a pre-employment drug test pursuant to Section 2802. But as described in the previous section regarding his Second Cause of Action, the facts alleged are insufficient to establish an employment relationship between Alvarez and Office Depot at the time he took the pre-employment drug test, which, as his Complaint alleges, was a condition of being hired by Office Depot. Therefore, Alvarez's Seventh and Eighth causes of action fail as a matter of law to the extent that they are based on the untenable theory that a prospective employee is entitled to reimbursement for travel expenses incurred as a result of taking a pre-employment drug test.

### C. Alvarez Is Not Entitled to Reimbursement for the Cost of the Pre-Employment Drug Test.

Labor Code Section 222.5 forbids a prospective employer from requiring "any prospective employee or applicant for employment to pay, any *fee* for, or *cost* of, any pre-employment medical or physical examination taken as a condition of employment." Cal. Lab. Code § 222.5 (emphasis added). Under the plain language of the statute, the "cost" of the medical or physical examination does not include compensation for time spent, and travel expenses incurred, as a result of taking a pre-employment drug test. *Brum*, 2017 WL 4883376 at *4 (accepting defendants' argument that "based on the plain language of [Section 222.5], 'cost' does not include compensation for the time involved in taking the exam, traveling to and from the exam, or for travel mileage"). That conclusion is further supported by the fact that Section 222.5, which is limited to the "cost" of a pre-employment medical

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 35909064

- 7 -  CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

1  examination incurred by a prospective employee must be read more narrowly than
2  Section 2802, which includes "all necessary expenditures" incurred by an employee.
3  *Compare* Cal. Lab. Code § 222.5, *with id.* § 2802; *see also Brum*, 2017 WL 4883376
4  at *4.
5       Here, Alvarez's Eighth Cause of Action alleges that Office Depot violated
6  California Business and Professions Code Section 17200, *et seq.*, in part by
7  "[f]ailing to pay the *costs* of mandatory pre-employment physical examinations and
8  drug testing in violation of California Labor Code section 222.5." Complaint ¶
9  105(f) (emphasis added). But Alvarez's Complaint is devoid of any allegation that
10  Office Depot required Alvarez to pay the "fee for, or cost of" the actual pre-
11  employment drug test or that Alvarez himself paid the fee or cost of the drug test in
12  violation of Section 222.5. Additionally, to the extent Alvarez may attempt to
13  broaden the plain meaning of "cost" to include compensation for the time spent, and
14  travel expenses incurred, as a result of taking the drug test, his argument fails as a
15  matter of law because "cost" under Section 222.5 does not encompass compensation
16  of time and reimbursement of travel expenses, but only payment for the drug test
17  itself. *See Brum*, 2017 WL 4883376 at *4. Thus, Office Depot is entitled to
18  judgment on the pleadings of Alvarez's Eighth Cause of Action insofar as it relies on
19  his Section 222.5 claim.

20  **V.**      **CONCLUSION**

21       For all the foregoing reasons, Office Depot respectfully requests that this
22  Court grant its motion for judgment on the pleadings and dismiss Alvarez's Second,
23  Seventh, and Eighth causes of action to the extent they are based on a theory of
24  liability that a prospective employer must provide job applicants or prospective
25  employees with compensation for time spent, and reimbursement for travel
26  expenses incurred, as a result of undergoing a pre-employment drug test.
27  / / / /
28  / / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

- 8 -     CASE NO. 2:17-CV-07220-PSG-AFM
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
DB2/ 35909064

| | | | |
|---|---|---|---|
| 1 | Dated: | February 11, 2018 | MORGAN, LEWIS & BOCKIUS LLP |

By: */s/ Alejandro David Szwarcsztejn*
    Barbara J. Miller
    John D. Hayashi
    Alejandro David Szwarcsztejn
    Samuel S. Sadeghi
    Attorneys for Defendant
    OFFICE DEPOT, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA